CALOGERO, Justice.
Defendant,, initially indicted for the first degree murder of his cousin’s fifteen year old daughter, was ultimately tried pursuant to an amended indictment charging second degree murder, found guilty as charged and sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for forty years. Upon this appeal he urges eleven of twenty-four perfected assignments of error; the assignments not advanced on appeal are deemed abandoned.
The crime occurred on February 7, 1976 behind the home of the victim when the defendant shot her three times during an apparent attempt to rape or have intercourse with her. After the defendant’s arrest and the institution of proceedings against him, a sanity commission was appointed and a hearing held on defendant’s capacity to proceed on July 22, 1976. The trial court, finding defendant lacked such capacity, transferred the defendant to the East Louisiana State Hospital and ordered that he remain there until he was certified capable of returning to court. After such certification, on December 12, 1977, a second sanity hearing was held, at which time defendant was adjudged capable of standing trial. Assignment One, asserting that the trial court erroneously ruled that defendant had the capacity to stand trial, presents the principal issue upon this appeal.
ARGUMENT NO. 1

(Assignment of Error No. 1)

The ruling that defendant had the capacity to stand trial came after two sanity hearings had been conducted, as has been noted.
The first sanity commission hearing was held on July 22, 1976 some five months after commission of the crime. On that occasion it was the testimony of Dr. Kenneth Birchard, a psychiatrist, and Dr. Hy-polite Landry, the coroner, that defendant was unable to proceed and lacked the capacity to aid in his defense. Dr. Birchard classified defendant as a chronic paranoid schizophrenic.
On that occasion the same trial judge who in the later sanity commission hearing was to determine that defendant could assist his counsel found defendant'was unable to stand trial and committed him to the custody of the East Louisiana State Hospital.
On January 13, 1977 Retus W. Osborn, M.D., Clinical Director, and A. T. Butter-worth, M.D., Assistant Superintendent and Acting Director of Forensic Division, East Louisiana State Hospital, Jackson, Louisiana, wrote the trial judge asking that defendant be returned to East Baton Rouge Parish for the reason that, in their opinion, defendant could understand the nature of charges pending, was competent to assist counsel in his defense, was presently on no medication and required no after care referral.
The trial judge thereupon appointed a second sanity commission consisting of Dr. Landry, Dr. F. A. Silva, a psychiatrist, and Dr. George W. Burke, also a psychiatrist.
The trial court’s determination that defendant was able to aid and assist in his own defense and stand trial followed its consideration of a report of Dr. Silva, a new report from D.r. Landry and the report and testimony of Dr. Burke. Dr. Landry reported by letter of September 22, 1977 that the defendant understood the nature of the charges against him and was able to assist counsel in his defense. Dr. Silva concluded *1306 defendant was probably a chronic undifferentiated schizophrenic and functioning at full capacity. Nevertheless he felt defendant, who he observed to be well oriented as to time, place and situation, could understand right from wrong and could assist counsel in his defense.
Dr. Burke reported and testified that he classified defendant as a borderline or mild schizophrenic, not so severely afflicted as to be overtly psychotic. He concluded that defendant was able to stand trial and assist in his own defense. His acknowledgments to defense counsel that defendant was of low normal intelligence, not very bright (but not retarded), poorly educated, distrustful and, though not mentally incompetent, one whose schizophrenia admittedly would, in some degree, affect his ability to relate, did not significantly alter his overriding impression that defendant was competent to assist his attorneys and understand the proceedings.
A person who lacks the capacity to understand the nature and object of the proceedings brought against him, to consult with counsel, and to assist in the preparation of his defense cannot be subjected to trial. C.Cr.P. arts. 641, 642 and 648. See also Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); State v. Bennett, 345 So.2d 1129 (La.1977) (on rehearing).
A defendant is presumed to be sane and bears the burden of establishing by a clear preponderance of the evidence that he lacks capacity to proceed. See, e. g., State v. Sheppard, 350 So.2d 615 (La.1977). The determination by the trial judge of a defendant’s capacity to proceed with trial is given great weight. See, e. g. State v. Collins, 370 So.2d 533 (La.1979). The criteria for determination of whether a defendant is aware of the nature of the proceedings and able to assist in his defense were recently related by this Court in State v, Bennett. See also State v. Collins, supra.
Considering that it is the defendant’s burden to prove by a clear preponderance of the evidence that he lacks capacity to proceed, and giving due weight to the broad discretion with which the trial judge is vested in making the determination, we conclude that the trial judge did not err in determining that defendant had the capacity to proceed.
This assignment is without merit.
We have reviewed defendant’s remaining assignments of error and conclude that none of them have merit. Furthermore, none involve legal issues not governed by clearly applicable legal principles. Because factual discussion will be of substantial interest only to the parties, we attach hereto an appendix containing a discussion and resolution of the issues which will become and remain part of this Court’s public record but which will not be published with this opinion.

Decree

Accordingly we affirm defendant’s conviction and sentence.
AFFIRMED.
DENNIS, J., dissents and will assign reasons.